# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

WESLEY M. GROSE,

        Petitioner,

v.                                              CIVIL ACTION NO. 5:09-cv-00305
                                                   (Criminal No. 5:05-cr-00261)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner Wesley M. Grose, *pro se,* (Petitioner) brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 [Docket 109.] Petitioner also has filed a motion for bond [116], a motion to expedite review of his § 2255 [Docket 117], and a motion to require the United States to respond to his § 2255 motion [122].

By Standing Order entered August 1, 2006, and filed in this case on March 26, 2009, this action was referred to United States Magistrate Judge Clarke VanDervort for proposed findings of fact and a recommendation ("PF&R") pursuant to 28 U.S.C. § 626(b)(1)(B). (Docket 111.) On December 19, 2011, Magistrate Judge VanDervort issued his PF&R (Docket 124) recommending denial of Petitioner's application on the grounds that Petitioner's claims are procedurally barred and because they otherwise lack merit.

Objections to Magistrate Judge VanDervort's PF&R were due on January 6, 2012. To date, no objections have been filed.

The Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court, however, is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).[1]

Accordingly, the Court hereby (1) **DENIES** Petitioner's application [Docket 109] with prejudice; (2) **DENIES AS MOOT** Petitioner's remaining motions [116, 117, and 122] and (3) **DIRECTS** the Clerk to remove this action from the Court's active docket.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to Rule 11(a), Petitioner may not appeal the District Court's denial of a certificate of appealability, but he

---

[1] The Court notes that in Petitioner's request to amend his § 2255 application he claims his counsel was ineffective by not arguing at the sentencing hearing for mitigation of punishment based on Petitioner's "mental problems for the past 30 years." (Docket 119 at 3.) The PF&R, while thorough in all other respects, does not address this contention. Based on the sentencing memorandum that was filed in Petitioner's criminal case (Criminal No. 5:05-00261, Docket 54) where counsel specifically requested a downward variant sentence based on Petitioner's physical and "mental health problems," the Court finds no merit to this contention.

may seek a certificate from the court of appeals under Fed.R.App.P. 22.

The Clerk is further directed to provide a copy of this Order to all counsel of record, the Petitioner, *pro se*, and Magistrate Judge VanDervort.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 6, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE